IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RYAN RICHMOND, :
:
    Plaintiff, :
v. : Civ. Action No. 14-806-LPS
:
CORRECT CARE SOLUTIONS, LLC, :
et al., :
:
    Defendants. :

## MEMORANDUM ORDER

At Wilmington this 27th day of December, 2017, the Complaint in the above-captioned case having been filed on June 24, 2014, and Plaintiff having failed to show cause why Defendants Sarah Clarti and Shawn should not be dismissed for failure to serve process as required, pursuant to Fed. R. Civ. P. 4(m);

IT IS ORDERED that Defendants Sarah Clarti and Shawn are DISMISSED as Defendants, for the reasons that follow:

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The United States Marshals Service attempted to served Defendants Clarti and Shawn, but they did not return executed waiver of service of summons forms. (*See* D.I. 21, 23) In addition, personal service was attempted at the business office of Defendant Connections Community Support Programs, Inc. ("CCSP") through its attorney Steven Davis ("Davis"). The Court was advised that Davis was not authorized to accept service on behalf of Clarti and Shawn. The Court takes notes that counsel for CCSP advised the Court that it performed an employee search, and it has no known employees named Shawn in physical therapy or Sarah Clarti. To date, the current addresses and/or current employers of Clarti and Shawn have not been identified, and they have not been properly served. (*See* D.I. 21, 23, 54) Following the unsuccessful attempts at service, the Court ordered Plaintiff to

1

show cause why Clarti and Shawn should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). (D.I. 62)

Plaintiff responds that Clarti's and Shawn's current addresses and employers have been identified, and they have been properly served. He further states that if the medical records are reviewed they will display Shawn's last name and Clarti's last known employment. The court docket reflects that discovery has been provided to Plaintiff, including medical records, yet Plaintiff has not provided adequate information to effect service.

While *in forma pauperis* status confers an entitlement to issuance and service of process, *see* 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), a plaintiff must provide sufficient information for the Court to do so. *See Harris v. McMullen*, 2015 WL 1567127, at *3 (3d Cir. Apr. 9, 2015) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is the responsibility of a plaintiff proceeding *pro se* and IFP to provide proper addresses for service)). Neither the District Court nor the USMS must engage in extraordinary measures to assist an *in forma pauperis* litigant in locating a defendant's address for the purpose of service of process. *See id.*

It has been over two years since the complaint was filed. It is evident from Plaintiff's response that he has unrealistic expectations for the Court and others to take extraordinary steps to assist in locating Clarti and Shawn. The Court considered Plaintiff's *pro se* status and took reasonable steps to assist him in effecting service upon these defendants. CCSP indicates that it has no known employees named Clarti or Shawn. Despite its attempts, the USMS was not provided adequate addresses and names and was unable to serve Clarti and Shawn. There is nothing more to be done.

For the above reasons, the Court finds that Plaintiff has failed to show cause why Clarti and Shawn should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).

UNITED STATES DISTRICT JUDGE

2