IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RYAN RICHMOND, :
:
      Plaintiff, :
:
v. : Civ. No. 14-806-LPS
:
CORRECT CARE SOLUTIONS, LLC, et al.,:
:
      Defendants. :

Ryan Richmond, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Daniel A. Griffith, Esquire, and Kaan Ekiner, Esquire, Whiteford, Taylor & Preston, LLC, Wilmington, Delaware, Counsel for Defendants Correct Care Solutions, LLC and Pamela Magee.

Stuart B. Drowos, Deputy Attorney General, and Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Matthew Fisher, Correctional Officer Glick, Correctional Officer Malloy, and Staff Lt. Farrington.

**MEMORANDUM OPINION**

September 24, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Ryan Richmond ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, proceeds *pro se* and has been granted *in forma pauperis* status. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights. (D.I. 3, 9) Presently before the Court are several motions filed by the parties. (D.I. 75, 77, 80, 81, 85, 91)

## II. REQUEST FOR ENTRY OF DEFAULT

Plaintiff requests entry of default as to Defendant Matthew Fisher ("Fisher") on the grounds that Fisher failed to plead or otherwise defend. (D.I. 80) Fisher opposes the request.

The docket indicates that Fisher was served on January 8, 2018. (D.I. 78) Fisher, at the time proceeding *pro se*, filed a letter/answer to the complaint on February 2, 2018, construed as an answer. (*See* D.I. 79) Plaintiff filed the request for default on March 12, 2018. (D.I. 80) On March 15, 2018, counsel filed an entry of appearance on behalf of Fisher. (D.I. 83)

Entry of default is not appropriate. Fisher timely appeared and answered the complaint on February 2, 2018. *See* Fed. R. Civ. P. 55(a). Therefore, the Court will deny the request for entry of default. (D.I. 80)

## III. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendant Patricia Munda ("Munda"). (D.I. 75) The Clerk of Court entered Munda's default on October 16, 2017. (*See* D.I. 63) Plaintiff contends that default judgment is appropriate on the grounds that Munda has been served, and she failed to answer, move, or otherwise respond to the complaint. Plaintiff notes that the Court is required to calculate the appropriate amount of damages.

1

As a threshold matter, when ruling upon a motion for default judgment, a court is required to determine if there are any jurisdictional defects. *See Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. Dec. 17, 2015) (citing *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 812 (3d Cir. 1991)). This includes consideration of whether proper service of the complaint has been effectuated because, in the absence of proper service, the court lacks personal jurisdiction over a defendant. *See e.g., Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Grand Entm't. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.").

Based on the allegations in the complaint (*see* D.I. 3, 9), during the relevant time-frame Munda appears to have been employed by Defendant Correct Care Solutions, LLC, the health care provider for the Delaware Department of Correction ("DOC"), from July 1, 2010 through June 30, 2014. *See Biggins v. Correct Care Solutions, Inc.*, 2016 WL 158500, n.1 at *1 (D. Del. Jan. 13, 2016). Connections Community Support Programs, Inc. became the DOC's healthcare provider on July 1, 2014. *See Guilfoil v. Correct Care Solutions*, 2016 WL 5024190, at *3 (D. Del. Sept. 15, 2016). In the service documents that Plaintiff submitted, he provided a Dover, Delaware address for Munda. (D.I. 38) However, a review of the return of service indicates that the United States Marshals Service personally served Steve Davis ("Davis"), General Counsel, at a Wilmington, Delaware address. (*Id.*) On April 27, 2017, the Court was advised by an attorney who represents Connections Community Support Programs, Inc. in litigation before this Court that Davis is legal counsel for Connections Community Support Programs, Inc. -- not Correct Care Solutions, LLC. (*See* D.I. 54)

2

Hence, it appears that Munda was never properly served, and the Clerk's entry of default was improvidently entered. As a result, the Court will vacate the entry of default.

Even had Munda been properly served, default judgment is not appropriate at this time. "[W]here a court enters a default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citation omitted). Entry of a default judgment is largely a matter of judicial discretion; however, the Court's "discretion is not without limits" and the preference is "that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In exercising its discretion, the Court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Munda may have a litigable defense based upon the Complaint's allegations. Depending upon evidence adduced, her actions could be considered either as negligence, which does not rise to the level of a § 1983 claim, or as deliberate indifferent to a serious medical need. In addition, for relief against Munda, Plaintiff seeks one million dollars in compensatory damages, one million dollars for mental anguish, and four million dollars in punitive damages. (D.I. 9 at ¶ Relief) However, Plaintiff did not offer any proof of damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (district court cannot simply enter default judgment by accepting at face value plaintiff's statement of damages in complaint); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (plaintiff seeking default judgment "must still offer some proof of damages" before court can decide whether or not to enter default judgment). Without more, the Court cannot simply grant Plaintiff's motion for the amount requested in the prayer for relief.

3

Therefore, the Court will deny Plaintiff's motion for a default judgment.

## IV. MOTIONS TO COMPEL

Medical Defendants Correct Care Solutions, LLC and Pamela Magee filed a motion to compel Plaintiff to provide written responses to their first set of requests for production of documents served upon Plaintiff in April 2017. (D.I. 51, 77) Plaintiff did not file a response to the motion. Plaintiff has also filed a motion to compel Defendants to file responses to his second request for production of documents, served upon them in December 2017. (D.I. 71, 81) Medical Defendants oppose on the grounds they responded to the request on January 2, 2018 at D.I. 73. (D.I. 82) State Defendants Fisher, C/O Glick ("Glick"), C/O Malloy ("Malloy"), and Staff Lt. Farrington ("Farrington") (together "State Defendants") did not respond to the motion.

A party responding to interrogatories must serve his answer and any objections within 30 days after being served. Fed. R. Civ. P. 33(b)(2). With interrogatories, any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Similarly, the party to whom a request for production of documents is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 34.

Plaintiff has not responded to Medical Defendants' request for production of documents and, therefore, their motion to compel will be granted. (D.I. 77) Medical Defendants have responded to Plaintiff's second request for production of documents, but State Defendants have not. Therefore, Plaintiff's motion to compel will be denied as to Medical Defendants and granted as to State Defendants. (D.I. 81)

## V. MOTION TO AMEND/CORRECT ANSWER

State Defendants move for leave to amend their answer to Plaintiff's amended complaint. (D.I. 85) State Defendants seek to file an amended answer to clarify and incorporate into one

4

pleading all responses and affirmative defenses. Medical Defendants do not oppose. Plaintiff did not file a response. The Court will grant the motion. (D.I. 85)

## VI. MOTION FOR AN EXTENSION OF TIME

Plaintiff seeks an extension of time to file a response to Medical Defendants' motion for summary judgment. (D.I. 91) Plaintiff filed an answering brief on June 13, 2018. (D.I. 96) The Court will grant the motion for an extension of time and considers Plaintiff's answering brief as timely filed.

## VII. CONCLUSION

For the above reasons, the Court will: (1) vacate the Clerk's Entry of Default as to Patricia Munda (D.I. 63) as improperly entered; (2) deny Plaintiff's motion for default judgment as to Patricia Munda (D.I. 75); (3) grant the motion to compel filed by Correct Care Solutions and Pamela Magee (D.I. 77); (4) deny Plaintiff's request for default as to Matthew Fisher (D.I. 80); (5) deny Plaintiff's motion to compel as to Medical Defendants and grant the motion as to State Defendants (D.I. 81); (5) grant the motion to amend/correct answer to the amended complaint filed by State Defendants (D.I. 85); and (6) grant Plaintiff's motion for an extension of time to file a response to Defendants' motion for summary judgment (D.I. 88, D.I. 91).

An appropriate Order will be entered.